SACQUELAND *et al. v.* THE METEOR.

*(District Court, E. D. New York.* October 4, 1888.)

1. SEAMEN—WAGES—CHARACTER OF SERVICE—EVIDENCE.

The testimony of libelant was that he was hired by the master as mate, at $50 per month. That of the master was that he was only hired as a deckhand, at $30. There was no other mate than libelant, and he had been promoted during the previous season from a deckhand at $30 to a mate at $50, and as such served until the end of the season. Until about 3 weeks before his discharge he wore a mate's uniform, bought for him by the master, who explained it by saying that it was necessary to have some one to act as mate to receive guests. Letters from the master, written when sick, to the libelant, authorizing him to employ men, and giving him directions to keep the work going, were introduced *Held*, that libelant was employed as mate, and should be paid $50 per month.

2. SAME—BOARD OF SEAMEN.

The evidence of the seamen of a yacht, and the master, as to whether they were to pay their own board for a period of 10 days, when the vessel was without a cook, being conflicting, the facts that a short time previously, when they boarded themselves, they were paid the amount it cost them in addition to their wages, and that, if they paid their own board, they would receive only 25 cents per day during the 10 days, instead of $1, throw the preponderance to the side of the seamen.

In Admiralty. Libels for wages.

Libels by Sacqueland and others against the yacht Meteor for wages as mate and seamen.

*Noah Tebbets,* for libelants.

*Wilcox, Adams & Macklin,* for claimant.

BENEDICT, J. This is an action against the steam-yacht Meteor to recover wages for services rendered on board the yacht in the season of 1887. The claim of the libelant Sacqueland is that he was employed to be the mate of the yacht, at the rate of $50 a month; that he served as mate, but was paid only $30 a month, and is entitled to recover a balance of $60 for the time he served as mate. In his case the only issue is whether he was hired to be mate at $50 a month, or to be deckhand at $30 a month. The testimony of the master and the testimony of the libelant is in absolute conflict on this point. The surrounding circumstances lead me to believe that Sacqueland is entitled to be paid mate's wages. If Sacqueland was not mate, then the yacht had no mate, which seems improbable. It appears that on the previous season Sacqueland was employed first as deckhand on this yacht, at $30 a month, was afterwards promoted to be mate of the yacht, and his wages raised to $50 a month. He served as her mate to the end of that season. This warrants

the presumption that if Sacqueland remained as mate of the yacht for the season of 1887, he would be entitled to $50 a month, the wages paid on the previous season. That in 1887 he acted as the mate, and not as a deckhand, on the yacht, seems to be shown by the fact proved that until about three weeks before his discharge he wore a mate's uniform, which uniform he took off on being informed that the owner would not pay him at the rate of $50 a month. The mate's uniform so worn by Sacqueland was bought for him by the master, and made by a tailor who measured him by direction of the master of the yacht. The master's explanation of this circumstance is that it would be contrary to etiquette on pleasure yachts that guests, when coming on board, should be received by a deckhand, and, as the master could not always be present to receive the guests, the mate's uniform was bought for Sacqueland in order that Sacqueland, when receiving the guests, might not be known to such guests to be a deckhand. The explanation is hardly sufficient to deprive Sacqueland of a mate's wages. Furthermore, two letters of the master to Sacqueland, at a time when the master was sick and out of town, are put in evidence, which are not such letters as would be written to a deckhand, but are such as would be written to a mate in command. They authorize Sacqueland to employ men; they give him directions to keep the work going ahead; and are inconsistent with the idea that Sacqueland had not control of the crew on board the yacht in the master's absence. The discarding of the mate's uniform at the end of the season by Sacqueland, when informed that the owner would not pay him mate's wages, indicates that, up to that time at least, he had supposed himself to be a mate, and of course earning a mate's wages. Upon the evidence I am of the opinion that Sacqueland is entitled to recover mate's wages up to the time that he took off the mate's uniform. As to the claim of the other libelants, being seamen who served on board the yacht during the season of 1887, the only question is whether they are entitled to recover .75 cents a day for the expenses of their board from the 1st to the 10th of May, during which time there was no cook on board the yacht, and they paid their own board. In regard to the libelant Brown there can be no doubt. He was employed by Sacqueland, and both he and Sacqueland testify that the bargain was that he should be paid a dollar a day for his labor, and 75 cents a day for his board during this time. The other men were hired by the master, and the conflict of evidence in regard to their hiring is complete. The master asserts that the agreement was that they should pay their own board during these 10 days. Each of the men assert that the vessel was to pay them 75 cents a day for their board during this period. I incline here to believe the statement of the seamen. It seems hardly possible that these seamen would have agreed to work in May for 25 cents a day, as would be the case if they paid their own board out of the dollar; and, moreover, it is proved that $1.75 per day was paid them in April, when they paid their own board. My conclusion is that the agreement was that the board of the men was to be paid them in addition to the dollar per day. They are therefore entitled each to receive $6.50, except Charles Colson, who, as the testi-

mony seems to show; has abandoned his claim. Let a decree in favor of the libelants, in accordance with this opinion, be entered. The libelants must also recover the costs.